UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class JONATHAN D. FERDON
 United States Army, Appellant

 ARMY 20100253

 Headquarters, Joint Readiness Training Center and Fort Polk
 Charles D. Hayes, Military Judge (arraignment)
 Gregory A. Gross, Military Judge (trial)
 Colonel Keith C. Well, Staff Judge Advocate

For Appellant: Major Peter Kageleiry, Jr., JA; Captain Michael E. Korte,
JA.

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

 20 September 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 The appellant and the convening authority entered a pretrial agreement
requiring the convening authority to disapprove any confinement in excess
of 240 days. Following announcement of the sentence, which included
confinement for 350 days, the military judge reviewed the quantum portion
of the agreement with the parties on the record. Both sides agreed that
the convening authority could approve no more than 240 days confinement.
The staff judge advocate’s recommendation (SJAR) included the pretrial
agreement as an enclosure but improperly advised the convening authority to
approve the sentence adjudged. The result of trial was included as an
enclosure to the SJAR and was also inaccurate in that it indicated the
adjudged sentence included 240 days confinement, confusing the sentence
limitation in the pretrial agreement with the adjudged sentence. Neither
the post-trial submission submitted by the defense or the addendum to the
staff judge advocate’s recommendation noted the errors and the convening
authority incorrectly approved a sentence including 350 days confinement,
without the limitations set in the pretrial agreement.

 Appellate defense counsel was the first to note that the convening
authority improperly approved the adjudged sentence without regard to the
sentence limitation. In submitting the case without assignment of error,
appellate counsel states that appellant was released from confinement in
accordance with the pretrial agreement and therefore suffered no prejudice.

 This court has the authority to correct a sentence so it conforms with
the terms of a pre-trial agreement. See United States v. Cox, 22
U.S.C.M.A. 69, 46 C.M.R. 69 (1972). In this case, appellant concedes he
did not serve any confinement in excess of the terms of his pretrial
agreement. We therefore conclude that the appellant has received the
benefit of his bargain regardless of the existence of error.

 The findings of guilty are affirmed. After considering the entire
record, the court affirms only so much of the sentence as provides for a
bad-conduct discharge and 240 days confinement, forfeiture of $964 pay per
month for twelve months and reduction to the grade of Private E1. All
rights, privileges, and property, of which appellant has been deprived by
virtue of that portion of his sentence set aside by this decision, are
ordered restored. See UCMJ arts. 58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court